# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| Deneise Davis,<br>                Plaintiff,<br>v.<br><br>Oliver Street Dermatology Management, LLC<br>d/b/a Dermatology and Skin Cancer<br>Specialist, and Tammy Brouse,<br>                Defendants. | Case No. 17-CV-0250-FJG |

## ORDER

Pending before the Court is Plaintiff's Motion to Remand (Doc. No. 6).

## I. BACKGROUND

Plaintiff first filed a petition in state court on January 16, 2017. That petition mentioned the FMLA sixteen times, and made a claim for FMLA retaliation. Defendant removed that case, which because Case No. 17-0130-FJG. Plaintiff subsequently dismissed that lawsuit without prejudice.

On February 24, 2017, plaintiff filed another Petition in the Circuit Court of Jackson County, Missouri. Thereafter, on April 5, 2017, defendant removed the second case to federal court, asserting that federal question jurisdiction was again present. On April 6, 2017, plaintiff filed an amended complaint as a matter of right in federal court. Plaintiff's Amended Complaint generally alleges that plaintiff is disabled because she suffers from depression and anxiety. Plaintiff alleges that her therapist suggested she take time off work in January 2016 to recover from her depression and anxiety, and for plaintiff to attend an intensive outpatient program. Plaintiff alleges she informed the defendant employer of these facts, but decided to delay the start of her outpatient program until February 2016 so that she could train her replacement. Plaintiff, an employee of defendant for many years, alleges that she received her first discipline from defendant in

February 2016. Plaintiff began her outpatient program in late February 2016, and returned to work on March 29, 2016. On April 4, 2016, plaintiff was fired.

In plaintiff's amended complaint, she makes three claims related to violations of the Missouri Human Rights Act: (1) Failure to Accommodate violation under Mo. Rev. Stat. 213.010 et seq.; (2) Disability Discrimination violation under Mo. Rev. Stat. 213.010 et seq.; and (3) Retaliation violation under Mo. Rev. Stat. 213.010 et seq. On April 10, 2017, plaintiff filed the present motion to remand, arguing that the amended complaint does not state a federal question, and given that diversity jurisdiction is not present, this Court has no jurisdiction over her complaint.

Defendant argues, in response, that plaintiff has stated a claim for retaliation under the Family Medical Leave Act (FMLA), despite the act not being mentioned by name in the amended complaint.

## II. STANDARD

A motion to remand will be granted if the district court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). The removing defendant bears the burden of showing that federal subject matter jurisdiction exists. Hale v. Cottrell, Inc., No. 11-CV-01273-SOW, 2012 U.S. Dist. LEXIS 189735, *3 (W.D. Mo. Apr. 17, 2012). Any doubts about federal jurisdiction should be resolved in favor of state court jurisdiction. Id. Federal jurisdiction only exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint" or when a federal statute "preempt[s] a field of law so completely that state law claims are considered to be converted into federal causes of action." Id. at *4 (quoting Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1997) and Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 543 (8th Cir. 1996)).

Removal of a complaint setting forth state-law claims is proper under the well-pleaded complaint rule where (1) federal law completely preempts a plaintiff's state-law

2

claim, or (2) an issue of federal law is a necessary and a central element of plaintiff's state law claims. Mabe v. Golden Living Ctr.–Bransom, No. 07–03268–CV–S–FJG, 2007 WL 3326857, at *3 (W.D. Mo. Nov. 6, 2007) (citing Gaming Corp. of Am. v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996), and Bellido–Sullivan v. American Int'l Group, Inc., 123 F. Supp. 2d 161, 164 (S.D.N.Y. 2000)). "A plaintiff cannot thwart the removal of a case by inadvertently, mistakenly or fraudulently concealing the federal question that would necessarily have appeared if the complaint had been well pleaded." Id. (citation omitted).

## III. DISCUSSION

Plaintiff argues that this case should be remanded because plaintiff's claim arises solely under the MHRA. Specifically, plaintiff indicates that her request for time off to deal with her disability is a request for accommodation under the MHRA, not a claim under the FMLA. Plaintiff argues that the type of leave requested should not operate to convert a properly pled MHRA claim into a federal question claim.

Defendant argues the plaintiff's original petition shows her true intention, to state a claim under the FMLA. Defendant argues that in one case from the Eastern District of Missouri, such an artful attempt to hide an FMLA claims was found to be improper. See Anderson v. Shade Tree Services, No. 4:12CV01066 ERW, 2012 WL 3288120, at *1 (E.D. Mo. Aug. 10, 2012). Defendant further argues that resolution of plaintiff's complaint requires interpretation of federal law, i.e., whether defendant violated the FMLA.

This Court has already resolved this same issue nearly ten years ago. In Mabe v. Golden Living Ctr.–Bransom, No. 07–03268–CV–S–FJG, 2007 WL 3326857 (W.D. Mo. Nov. 6, 2007), this Court found that the mere mention of the word "FMLA" in the plaintiff's complaint did not convert plaintiff's otherwise well-pled state law causes of action into a federal question. As noted by several other courts addressing this issue, the language

3

of the FMLA does not indicate an intent by congress to completely displace ordinarily applicable state law, and therefore the complete preemption exception does not apply. Id. at *3; Bellido-Sullivan v. Am. Int'l Grp., Inc., 123 F.Supp. 2d 161, 162 (S.D. N.Y. 2000); Wulfekuhle v. Planned Parenthood of Greater Iowa, Inc., No. 4–02–CV–10282, 2003 WL 1233076, at *2 (S.D. Iowa Feb. 10, 2003); Zampitella v. Walgreens Company, Case No. 4:16–CV–781 (CEJ), 2016 WL 3627290, *2 (E.D. Mo. July 6, 2016).

As complete preemption does not apply, to demonstrate federal jurisdiction defendant must establish that an issue of federal law is a necessary and central element of the plaintiff's MHRA claims. Here, plaintiff alleges that her employment was terminated in retaliation for requesting an accommodation of her disabilities in the form of leave. Under the MHRA, a plaintiff alleging retaliation must meet three requirements: (1) the plaintiff complained of an MHRA-prohibited activity, (2) the employer took an adverse employment action, and (3) a causal connection exists between the complaint and adverse action. Shirrell v. St. Francis Med. Ctr., 793 F.3d 881, 886 (8th Cir. 2015) (citing McCrainey v. Kan. City Mo. Sch. Dist., 337 S.W.3d 746, 753 (Mo. Ct. App. 2011)); see also Keeney v. Hereford Concrete Products, Inc., 911 S.W.2d 622, 625 (Mo. 1995) (retaliation includes any act done for the purpose of reprisal that results in damage to the plaintiff). Under these factors, there is no need for the factfinder to determine whether plaintiff's FMLA rights were violated – instead, the relevant question is whether plaintiff complained of discriminatory conduct, and thereafter the employer took adverse action. These questions can be resolved without turning to the FMLA at all. Therefore, this court finds that plaintiff's claim does not raise a federal question. Again, several other

courts have reached the same conclusion. See Miller v. Metro. Sewer Dist., No. 4:10CV0363 JCH, 2010 WL 2399553, at *2 (E.D. Mo. June 10, 2010) (finding that plaintiff's allegation in her MHRA claim that employer denied her leave under FMLA did not raise substantial question of federal law); Bell v. BJC Health Sys., No. 4:10CV72 HEA, 2010 WL 2835736, at *3 (E.D. Mo. July 16, 2010) (rejecting argument that plaintiff's state law claims depended on determining a "right to be free from retaliation for using FMLA leave"); Mabe, 2007 WL 3326857, at *5 (W.D. Mo. Nov. 6, 2007) (finding claim for negligent infliction of emotional distress based on denial of FMLA leave did not arise under federal law); Zampitella v. Walgreens Company, Case No. 4:16–CV–781 (CEJ), 2016 WL 3627290, *3 (E.D. Mo. July 6, 2016).

Therefore, for the foregoing reasons, plaintiff's motion to remand must be granted. Although plaintiff requests an award of costs and expenses related to the removal pursuant to 28 U.S.C. § 1447(c), the Court does not find that defendants lacked an objectively reasonable basis for removal (especially considering that removal was based on a different version of the petition), and therefore declines to award costs and fees to plaintiff.

IV.  **CONCLUSION**

Plaintiff's Motion to Remand (Doc. No. 6), therefore, is **GRANTED**. This case is remanded to the Circuit Court of Jackson County, Missouri.

**IT IS SO ORDERED.**

Dated: August 15, 2017　　　　　　　　　　　　**/s/ Fernando J. Gaitan, Jr.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　United States District Judge